UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13 - 2952

------------------------------------------------------------------ x

JOSE RIVERA,

                                        Plaintiffs,          **COMPLAINT AND**
                        -against-                            **JURY DEMAND**

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, DETECTIVE JOEL POLICHRON,
JOHN DOE ##1-3,                                             ECF CASE   ROSS, J.

                                        Defendants.
                                                            POLLAK, M.J
------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2.      The claims arise from a June 1, 2011 incident in which members of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to false arrest.

3.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.      This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5.      Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events occurred within, the

boundaries of the Eastern District of New York.

## PARTIES

6.    Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, New York.

7.    The City of New York is a municipal corporation organized under the laws of the State of New York.

8.    New York City Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants.  Kelly is sued in his official capacity.

9.    All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

10.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11.   On June 1, 2011, at approximately 6:00 PM, plaintiff was lawfully walking to a check cashing location, when he was accosted by defendants, who were not in uniform.

12.   Defendants ordered defendant to come to them.  They then pushed him against a wall, searched his pockets, interrogated him, and made demeaning and degrading comments to him.

13.   Plaintiff had not engaged in any unlawful behavior, and defendants did not have reasonable suspicion to detain plaintiff.

14.   No contraband was found on plaintiff, and defendants released him.

17.   During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

18.   As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b.    Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, anxiety;

    d.    Loss of liberty.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

19.   The above paragraphs are here incorporated by reference.

20.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

21.   Defendants confined plaintiff and caused him to be confined with no legal basis.

22.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

23.   The above paragraphs are here incorporated by reference.

24.    The City and Kelly are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.  Kelly has been personally involved in crafting and maintaining the aforementioned policies and customs.

25.    The City and Kelly have been alerted to the regular use of excessive force and false arrests by its police officers, but have nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

26.    The aforesaid event was not an isolated incident.  The City and Kelly have been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers.  Nevertheless, the City and Kelly have allowed policies and practices that allow the aforementioned to persist.

27.    For example, the Civilian Complaint Review Board ("the CCRB"), a New York City police oversight agency, often finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them.  In addition, the

CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB will almost always refuse to go forward with a case without a statement from the victim, even where other witnesses can describe the incident without the need for a victim statement. Since the victim of police misconduct will often also be the subject of pending criminal charges arising from the same incident, he or she will frequently decline to speak about the incident. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

28.    The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Kelly has done.

29.    Further, the City and Kelly have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct, in criminal hearings and trials. Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

30.    Additionally, according to a report of the New York City Bar Association issued in 2000, the City and Kelly have isolated their law department from the discipline of police

officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

31.    The City and Kelly are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City and Kelly have failed to take corrective action.  This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.  Furthermore, although the City has been on notice, through plaintiff's complaint to the CCRB in this case, the City has failed to remedy the wrong.

32.    Plaintiff has been damaged as a result of the deliberate indifference of the City and Kelly to the constitutional rights of the City's inhabitants.

33.    Detective Polichron had been sued at least three times prior to this incident.  The cases settled for sums ranging from $32,000.00 to $105,000.00, including one case where a codefendant was required to contribute $16,000.00, personally, to the settlement.  This is strong evidence that the City was deliberately indifferent to the ongoing violation of citizens' constitutional rights by Detective Polichron.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.     Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:     Brooklyn, New York
               May 10, 2013

TO:  New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Commissioner Raymond W. Kelly
1 Police Plaza
Room 1406
New York, NY 10006

Detective Joel Polichron

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Andrew B. Stoll (AS8808)
Attorney for Plaintiff
475 Atlantic Avenue
Brooklyn, NY 11217
(718) 852-3710
astoll@stollglickman.com